UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEJO BAY MHP, <br><br>  Plaintiff, <br><br>  v. <br><br> JOHN RIGGIERI, <br><br>  Defendant. | No. 2:25-cv-03540-DC-JDP (PS) <br><br> ORDER *SUA SPONTE* REMANDING CASE TO SOLANO COUNTY SUPERIOR COURT <br><br> (Doc. Nos. 1, 3, 4) |

This matter is before the court on Defendant John Riggieri's notice of removal and motions to e-file and to permit him in court access to his phone. (Doc. Nos. 1, 3, 4.) For the reasons explained below, the court will *sua sponte* remand this case to the Solano County Superior Court due to a lack of subject matter jurisdiction and deny Defendant's motions as having been rendered moot.

**BACKGROUND**

On September 25, 2025, Plaintiff Vallejo Bay MHP filed an unlawful detainer action brought under California state law against Defendant in Solano County Superior Court, Case No. CL25-08853. (Doc. No. 1 at 1, 22.) On December 8, 2025, Defendant filed a *pro se* notice of removal to remove that unlawful detainer action to this federal court. (*Id*. at 2.) Also on December 8, 2025, Defendant filed motions to e-file and permit him in court access to his phone. (Doc. Nos. 3–4.)

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against federal jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to the right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987). Under the well-pleaded complaint rule, federal courts look to "what necessarily appears in the plaintiff's statement of his [or her] own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Cal. v. U.S.*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citations omitted). Accordingly, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc.*, 482 U.S. at 393; *see also Vaden v. Discover*

1   *Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks
2   somewhere inside the parties' controversy, or that a defense or counterclaim would arise under
3   federal law.").

4       Alternatively, 28 U.S.C. § 1332 governs diversity jurisdiction. Section 1332 states that
5   "[t]he district courts shall have original jurisdiction of all civil actions where the matter in
6   controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is
7   between—(1) citizens of different States." 28 U.S.C. § 1332. Courts are "to decide what the
8   amount in controversy is from the complaint itself, unless it appears or is in some way shown that
9   the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins.*
10  *Co.,* 367 U.S. 348, 353 (1961). A "defendant's notice of removal need include only a plausible
11  allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*
12  *Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

13  **ANALYSIS**

14      In his notice of removal, Defendant identifies both federal question and diversity
15  jurisdiction as his bases for removal. (Doc. No. 1 at 4–5.) The court will address both grounds for
16  federal jurisdiction in turn.

17      As to federal question jurisdiction, Defendant appears to assert the court has jurisdiction
18  because his constitutional right to due process under the Fifth and Fourteenth Amendments has
19  been violated. (*Id*. at 4.) However, based on the well-pleaded complaint rule articulated above,
20  removal cannot be based on a defense, counterclaim, crossclaim, or third-party claim raising a
21  federal question. *Caterpillar Inc.*, 482 U.S. at 392; *Vaden*, 556 U.S. at 49. The complaint raises
22  no federal question. Therefore, the court lacks federal question jurisdiction.

23      As to diversity jurisdiction, Defendant asserts he is domiciled in New Hampshire and that
24  the amount in controversy exceeds $75,000. (*Id*. at 4–5.) Even assuming there is complete
25  diversity of citizenship, the amount in controversy here does not exceed $75,000. The complaint
26  was filed in a limited civil case and does not allege damages in excess of $75,000. (*Id*. at 25.)
27  Instead, the caption of the complaint expressly states that the amount demanded does not exceed
28  $10,000. (*Id*.) "A defendant 'bears the burden of actually proving the facts to support jurisdiction

including the jurisdictional amount.'" *Fed. Home Loan Mortg. Corp. v. Herrera*, No. 12-cv-00403-LJO-MJS, 2012 WL 948412, at *2 (E.D. Cal. Mar. 20, 2012) (citing *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996)). Here, Defendant does not establish that the amount in controversy exceeds $75,000. As such, Defendant has not established the amount in controversy for purposes of diversity jurisdiction.

Thus, because the court lacks subject matter jurisdiction, remand of this case to the Solano County Superior Court is appropriate and mandatory. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons explained above:

1. This matter is remanded to Solano County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;

2. Defendant's motions to e-file and to permit him in court access to his phone (Doc. Nos. 3, 4) are DENIED as having been rendered moot by this order; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 11, 2025**

Dena Coggins
United States District Judge

4